UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ERIC ORLANDO FOWLER,

    Plaintiff,

v.                                               Case No. 5:23-cv-303-TKW/MJF

UNITED STATES OF AMERICA, *et al*.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Eric Orlando Fowler, proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. Because Fowler is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, the undersigned respectfully recommends that this case be dismissed without prejudice.

### I. Background

Fowler is an inmate currently confined at the Northwest Florida Reception Center. Doc. 1-1 at 2. In his complaint styled as his "magnum opus" and "bill in equity," Fowler appears to assert a § 1983 due process claim under the Fourteenth Amendment. *See* Doc. 1-3 at 5–6 ("give me civilian due process of law . . . ."), 14. Fowler, in incorporated documents,

alleges that because of his criminal conviction, he has suffered "irrepairable damages and great suffering . . . ." *Id.* at 67 (error in original). Fowler appears to seek compensatory damages and injunctive relief, in the form of remuneration of "securities" in the amount of the "bond" in his felony case. *Id.* at 5–6; *see id.* at 25, 66–67.

## II. DISCUSSION

Under the "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 590 U.S. __, 140 S. Ct. 1721, 1723 (2020). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam). There is a narrow exception, however: a prisoner who is otherwise barred from proceeding *in forma pauperis* may do so if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Fowler has incurred at least three strikes under section 1915(g):

- *Fowler v. Campbell*, 8:18-cv-2122-CEH-CPT (M.D. Fla. Oct. 4, 2018), ECF. No. 6 (dismissing for failure to state a claim);

- *Fowler v. 6th Jud. Cir.*, 8:18-cv-2575-MSS-JSS (M.D. Fla. Nov. 8, 2018), ECF. No. 4 (dismissing for failure to state a claim); and

- *Fowler v. State of Florida*, 8:18-cv-2121-CEH-CPT (M.D. Fla. Feb. 14, 2019), ECF. No. 9 (dismissing for failure to state a claim).

Because he has incurred *at least* three strikes, Fowler may not litigate this case *in forma pauperis* unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, Fowler's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quoting another source), *abrogated on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke § 1915(g)'s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Fowler's complaint, construed liberally, fails to allege facts which indicate that Fowler is in imminent danger of serious physical injury.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action, under 28 U.S.C. § 1915(g), without prejudice.

2. **DIRECT** the clerk of the court to terminate all pending motions and to close this case file.

At Pensacola, Florida, this <u>12th</u> day of December, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>**. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**